[627 NYS2d 952]

In the Matter of JOSEPH A. HAMERMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 15, 1995

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Faith Lorenzo* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court, dated December 21,

1994, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 *(l)* (1) (i) and (iii), pending further order of this Court, based upon a finding that he is guilty of professional misconduct immediately threatening the public interest in that he failed to submit an answer in response to the Grievance Committee's demand, and based upon substantial admissions under oath that he has committed an act or acts of professional misconduct. The issues raised were referred to William J. Daly, Esq., as Special Referee, to hear and report, and the respondent was directed to serve an answer to the petition within 10 days of service of that order.

The respondent was served with a petition containing five charges of professional misconduct against him, including neglect of a legal matter entrusted to him, breach of fiduciary responsibilities, failure to cooperate with an investigation by the Grievance Committee, failure to deposit into a special account funds entrusted to him in violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]), and failure to safeguard and to account for estate assets in violation of Code of Professional Responsibility DR 9-102 (C) (2) and (3) (22 NYCRR 1200.46 [c] [2], [3]).

On December 30, 1994, the respondent admitted service of the order of suspension dated December 21, 1994, with notice of entry and Court rules. The respondent failed to file an answer as directed.

The petitioner now moves to impose discipline upon the respondent upon his default and personally served him with a notice of motion on January 24, 1995. Those papers bore a return date of January 27, 1995. Inasmuch as the respondent was not afforded a sufficient time to answer, an agreement was reached to amend the return date to February 10, 1995. An amended notice of motion was served on the respondent by electronic means, as well as by mail, on January 25, 1995. The respondent has not replied to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and RITTER, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer as directed is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph A. Hamerman, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph A. Hamerman is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.